UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHERRIE BURAS MANTON, ET AL | * | CIVIL ACTION: 11-0785 |
| VERSUS | * | SECTION: "R" |
| SHERIFF RODNEY STRAIN, ET AL | * | MAGISTRATE 4 |
| * * * * * * * * * * * * * | | JURY TRIAL |

MEMORANDUM IN SUPPORT OF RULE 59 MOTION

TO ALTER / AMEND THE 27 DECEMBER 2012 JUDGMENT

Ms. Sherrie Buras, the IFOA, and undersigned counsel move the Court to alter Its judgment of 27 December 2012 for the reasons set forth herein. Ms. Sherrie Buras avers both manifest errors of law and fact, as well as newly discovered evidence and moves the Court to reopen but stay this matter until such time as the Court alters and amends those errors and the federal investigations into the underlying actions involving the death or the disappearance of Albert Bloch and the related actions of former Jefferson Parish Deputy Mark Hebert have been completed. The arrest of Norman Manton and the unlawful seizure of both the religious items and the late David Manton's shotgun in the Manton Buras home arose solely from the St Tammany Parish Sheriff's attempted to blame Manton for the death or disappearance of Albert Bloch, and their accusation that Manton had and was driving the pickup truck owned by Mark Hebert, when in fact the Hebert truck was in the possession of another Jefferson Parish Sheriff's deputy, whose identity [now known] was being covered up. Upon information and belief, federal authorities have and are questioning certain same witnesses, who are involved in this case. For that reason, counsel believes that new evidence is available, but not publically available until

such time as the investigation is completed and subsequent actions taken, In addition to such newly discovered evidence, undersigned counsel and Buras believe that the Trial Court erred in its finding of material facts and its application of the relevant law.

Authority

Federal rule FRCP 59 requires that "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010). Such motions ". . . must be filed no later than 28 days after the entry of the judgment." The judgment in this case was entered on 27 December 2012; under Rule 59 such motions involving the judgment at issue, must be filed by 25 January 2012. Buras avers five errors exist: three of law and two as to facts. As well Buras and counsel believe that evidence unknown to them has been identified by federal law enforcement agencies who are investigating the death or disappearance of Albert Bloch and the related involvement of former Sheriff's Deputy Mark Hebert.

Argument & Errors

I. The Court Erred in Law as Buras' First and Second Amendment Rights Do Not Go Away When the Results of the Violations of Those Rights Are Ongoing. Seizure does not equal ownership, possession, or forfeiture when all charges are dropped.

Defendants have not only illegally seized the religious items and firearm in question, all charges alleged against Manton were dropped. Those items are still in the possession of the

Sheriff. The Court erred in not protecting and enforcing Buras's First and Second Amendment rights as those rights. The Court ignored that fact when an agency remains in possession of either religious items or firearms, the rights of the individual citizens who have been deprived of their constutitionally protected items, continue to be violated. And as such the Court's continue to have both the authority and the obligation to sue that authority in the protection of those very rights. The federal and state law is clear.

Article I, § 11, of the Louisiana Constitution provides: "The right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person." The Second Amendment to the United States Constitution, which applies to the States through the Fourteenth Amendment, similarly provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

The acts of Defendants ordering the confiscation of firearms of citizens and actually confiscating firearms from citizens abridged and infringed on the right of each Plaintiff and countless other citizens to keep and bear arms, in violation of La. Const., Art. I, § 11, and U.S. Const., Amends. II and XIV.

The United States Supreme Court established that Second Amendment guarantees are rights secured for individual citizens and their families. *McDonald v. Chicago McDonald v. Chicago*, 130 S.Ct. 3020 (2010), . *McDonald*, incorporating *District of Columbia v. Heller*, 554 U.S. 570 (2008) spoke to the issue of handguns thus, *a fortiori* applies to long guns for self defense in the home as in this case.

The Fourteenth Amendment to the United States Constitution provides that no State shall deprive any person of life, liberty, or property without due process of law. But the Sheriff and his deputies and done just that and continue in the possession of the constitutionally protected religious items and firearm.

The firearms confiscated by defendants constituted private property which was lawfully-possessed by plaintiffs pursuant to State and Federal law. Moreover, the manner in which plaintiffs kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

Said liberty and property interests are recognized by La. Const., Art. I, § 11, which guarantees the right to keep and bear arms; LSA-R.S. § 40:1379.3, which provides for a statewide permit which "shall grant authority to a citizen to carry a concealed handgun on his person" (subsection B) and which may be revoked only according to specified procedures; and by other provisions of Louisiana law.

Accordingly, by ordering the confiscation of firearms and by actually confiscating the firearms belonging to Plaintiffs and countless other citizens, Defendants deprived them of liberty and property without due process of law, in violation of U.S. Const., Amend. XIV.

II. No Authority Under Louisiana Law to Take David Manton's Shotgun Which Was Not in Constructive Possession of His Father Norman Manton, Under Due Process of Law

The Fourteenth Amendment to the United States Constitution provides that no State shall deprive any person of life, liberty, or property without due process of law.

The firearms confiscated by defendants constituted private property which was lawfully-possessed by plaintiffs pursuant to State and Federal law. Moreover, the manner in which plaintiffs kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

Said liberty and property interests are recognized by La. Const., Art. I, § 11, which guarantees the right to keep and bear arms; LSA-R.S. § 40:1379.3, which provides for a statewide permit which "shall grant authority to a citizen to carry a concealed handgun on his person" (subsection B) and which may be revoked only according to specified procedures; and by other provisions of Louisiana law.

Accordingly, by ordering the confiscation of firearms and by actually confiscating the firearms belonging to Plaintiffs and countless other citizens, Defendants deprived them of liberty and property without due process of law, in violation of U.S. Const., Amend. XIV.

The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws.

Defendants discriminated in against plaintiff for certain reasons underlying the targeting Buras and Manton for this treatment and as a result of their predisposition against them, denied them the equal protection of the law.

The Court's order does not ever consider whether the Sheriff has violated Buras's and Manton's due process rights, a practice of disregard which typifies the actions of the Sheriff and his department in St. Tammany.

III.     The Court Erred in saying actions were brought before, decided, and therefore res judicata.

While undersigned counsel did not write the original complaint nor represent either Buras or Manton initially, undersigned counsel personally asked the Court on a number of occasions in the presents of defendants' counsel about the return of the religious items and the firearm.

The Court told counsel that the return of the items were not pleaded in the original complaint and therefore could not be before the Court. It was those statements which caused counsel to suggest to Buras that another suit had to be filed to address the very issue of the return of her religious items and the late David Manton's shotgun.

As the Court itself stated that the return of the items was not at issue in the original suit and as there is nothing in the records pertaining to the denial of any request, nor is there a request either, the matter of the Sheriff's continued possession of those items is not and cannot be res judicata.

IV.     The Court Erred in Not Considering That Louisiana Law Does Not Bar or Restrict While On Probation the Ownership of Firearms for the Offenses Related.

The defendants neither provided the provisions under which they claimed the department of corrections or the criminal law prohibited Manton from owning or possessing a firearm. There is none as Manton was not charged with an offense enumerated as one which prohibits or in anyway restricts the ownership of firearms.

The Court failed to ask defendants to articulate the regulations of the provisions of their probation department and its foundation under law, which allows them to violate Manton and Buras's rights under the Second Amendment.

There is no such provision within the rules of the Louisiana Department of Corrections nor is there such under the Louisiana Criminal Code. Defendant produced witnesses who simply said, it violates our provisions.

V. The Court Erred in Not Considering the Facts Underlying Manton's Probation as He Was Not Convicted of an Offense Which Prohibits Firearm Ownership in Louisiana

Manton pleaded to charges related to contractor misapplication of funds after Hurricane Katrina and related to a construction project. It is not a crime of violence nor is one of the enumerated offenses for which any agency what deprive a citizen of the exercise of his Second Amendment Rights. Manton hunts and has a hunting license, he teaches firearms instruction to private as well as law enforcement officers. His ownership of firearms has never been placed at issue by any Court or agency until the defendants took and refused to return his late son's shotgun. The probation officer's statement is simply a cover-up for defendants' abuses.

VI. There Is No Law Or Reason for the Continued Seizure of the Buras/Manton Bible & Missal

There is no fact, no right of any agency, or rule of this Court which justifies Its refusal to make the Sheriff's Department return Buras's bible, missal, rosary.  The Court has not addressed the issue as to the right of any such agency to keep and otherwise deprive citizens of the right to have the items which they use in the practice of their faith or worship of God.  There is no reason and the Court has stated none.  For this and the others errors set forth above, Buras moves the Court to vacant its judgment.

Respectfully submitted:

| | |
|---|---|
| s/ Daniel G. Abel | s/ Richard J. Feldman |
| Daniel G. Abel | Richard J. Feldman, Esq. |
| [La. Bar No. 8348] | [Washington D.C. Bar No. 399259] |
| 2421 Clearview Parkway | President, IFOA, Inc. |
| Legal Department | PO Box 340 |
| Suite 106 | 129 Mountain Road |
| Metairie, LA 70001 | Rindge, NH 03461 |
| Telephone: 504.208.9610 | Telephone: 603. 899.6444 |
| Facsimile: 888.577.8815 | Facsimile: 888.727.2891 |
| *Counsel for Sherrie Buras Manton, and Independent Firearm Owners Association* | *Counsel for Sherrie Buras Manton, and Independent Firearm Owners Association* |