UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRIE BURAS MANTON and            CIVIL ACTION
INDEPENDENT FIREARM OWNERS
ASSOCIATION, INC.

VERSUS                                                     NO: 11-785

RODNEY "JACK" STRAIN, JR., ET AL.      SECTION: R

**ORDER**

Before the Court is plaintiffs' motion to alter or amend judgment.[1] On December 27, 2012, the Court issued a judgment, dismissing plaintiffs' claims.[2] Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment. A district court has considerable discretion whether to grant a motion to alter or amend judgment. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Motions to alter or amend a judgment must clearly establish a manifest error of law or fact or present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Further, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

---

[1] R. Doc. 55.

[2] R. Doc. 50.

The Court has reviewed plaintiffs' motion to alter or amend judgment and finds that it does not demonstrate a manifest error of law or fact or present newly discovered evidence. The Court held that Sherrie Manton could have brought her causes of action in her earlier suit and dismissed the claims under the doctrine of *res judicata*.[3] That her current counsel did not file the original complaint does not excuse Manton from failing to bring claims that "could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Further, plaintiffs contend that the Court erred in finding that no issues of material fact existed as to whether defendants lawfully confiscated a shotgun from the Mantons' home. Defendants submitted an affidavit from Mr. Manton's probation officer in which she stated that the terms of his probation did not allow him to have a firearm in the home.[4] Although plaintiffs contend in their briefs that Mr. Manton's probation did not bar him from possessing a shotgun, plaintiffs have submitted no evidence in support of their assertion. Therefore, the Court did not err in holding that plaintiffs failed to demonstrate that genuine issues of material fact existed as to Mr. Manton's probation terms and the legality of defendants' seizure of the shotgun. Finally,

---

[3]    R. Doc. 49.

[4]    R. Doc. 41-7.

plaintiffs have not pointed to any newly discovered evidence that would merit an amendment or alteration of the Court's judgment. Plaintiffs' assertion regarding new evidence in the case leading to Mr. Manton's arrest is far too vague to demonstrate that newly discovered evidence exists that has any bearing on the Court's order dismissing plaintiffs' claims. Accordingly, the Court DENIES plaintiffs' motion to alter or amend judgment.

New Orleans, Louisiana, this 18th day of March, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE