UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHERRIE BURAS MANTON and                      CIVIL ACTION
INDEPENDENT FIREARM OWNERS
ASSOCIATION, INC.

VERSUS                                                     NO: 11-785

RODNEY "JACK" STRAIN, JR., ET AL.        SECTION: R

**ORDER AND REASONS**

Before the Court is plaintiffs' motion to alter or amend judgment and to reopen and stay the action.[1] For the following reasons, the Court DENIES plaintiffs' motion and DENIES defendants' request for sanctions.

**I. BACKGROUND**

Plaintiff Sherrie Buras Manton, along with the Independent Firearm Owners Association, filed suit against multiple defendants, contending that employees of the St. Tammany Parish Sheriff's Office violated her right to keep and bear arms, her right to due process and equal protection, and her right to be free from unreasonable searches and seizures, in violation of the United States and Louisiana Constitutions. Defendants filed a motion for summary judgment, and on December 27, 2012, the Court issued a judgment, dismissing plaintiffs' claims.[2] Plaintiffs then filed a motion to alter or amend judgment, which the Court

---

[1] R. Doc. 63.

[2] R. Doc. 50.

denied.[3] Plaintiffs now move again for the Court to alter or amend its judgment and to reopen the case.

## II. STANDARD

A motion to alter or amend judgment must be filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). Motions to reconsider are typically treated as motions to alter or amend judgment, but if filed after this 28-day period, motions to reconsider are generally decided under Rule 60(b). *See Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995).

Under Rule 60(b), the Court may relieve a party from a final judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The district court enjoys broad discretion in assessing whether any of these reasons are present in a given

---

[3] R. Doc. 62.

case. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

**III. DISCUSSION**

    **A. Motion to Reconsider**

The Court finds that plaintiffs fail to demonstrate that relief from final judgment is appropriate. First, plaintiffs' arguments do not address the basis for the Court's dismissal of their claims. In granting defendants' motion for summary judgment, the Court held that Sherrie Manton could have brought her causes of action in her earlier suit and dismissed the claims under the doctrine of *res judicata*.[4] The Court thus did not consider the legality of a firearm in the Manton home in dismissing Manton's claims.

The Court then held that, to the extent that the Independent Firearm Owners Association could maintain a claim independently, plaintiffs failed to demonstrate that a question of material fact existed as to whether Mr. Manton could possess a firearm during his term of probation.[5] Defendants submitted an affidavit from Mr. Manton's probation officer, Jessica Hutchinson-Blue, in which she attested to her belief that the terms of Mr. Manton's probation did not allow him to have a firearm in the house and

---

    [4]    R. Doc. 49.

    [5]    *Id.*

described the steps she took to seek a hearing on the revocation of Mr. Manton's probation.[6] Although plaintiffs argued that Mr. Manton's probation contained no such term, they offered no evidence in support of this contention, and therefore the Court held that they failed to establish a genuine issue of material fact as to the legality of defendants' seizure of the firearm.

In their present motion, plaintiffs mischaracterize the Court's action as permitting a probation officer to state the law.  But, Hutchinson-Blue's affidavit presented only an account of her understanding of Mr. Manton's probation terms and the actions that she took, and the Court considered her affidavit as evidence, not as a legal conclusion. Further, the Court was not required to examine the evidence presented by defendants with "strict scrutiny" as plaintiffs argue. The amendment to the Louisiana Constitution requiring that courts apply strict scrutiny to laws limiting a person's right to bear or keep arms does not provide a standard for the Court to apply in considering evidence on summary judgment. Therefore, the constitutional amendment does not demonstrate that the Court incorrectly considered the parties' evidence. Moreover, that several state courts have since held that the statute forbidding certain felons from possessing firearms is unconstitutional does not affect the

---

[6] R. Doc. 41-7; *see also* Case No. 09-339: R. Doc. 112-6 at 18 (motion and order for hearing to revoke probation filed by Hutchinson-Blue).

Court's analysis. The statute at issue, Louisiana Revised Statute 14:95.1, does not address the right to bear arms of individuals on probation. Thus, the Court is confronted once again with defendants' evidence that the terms of Mr. Manton's probation did not permit him to have a firearm and unsupported allegations by plaintiffs that such terms of probation are not possible.

Plaintiffs also argue that new evidence demonstrates that the case should be reopened. According to plaintiffs, in April 2013, Mark Hebert, of the St. Tammany Parish and Jefferson Parish Sheriff's Offices, was indicted and implicated in the death of Albert Bloch. Plaintiffs argue that the arrest of Mr. Manton and seizure of his possessions arose from the attempt of the St. Tammany Parish Sheriff's Office to blame Manton for Bloch's death and that action was taken against Mr. Manton for the sole purpose of covering up the crimes of Mark Hebert. Plaintiffs state that they believe new evidence is available, but this assertion is too vague to establish that new evidence actually exists or to suggest fraud on the part of defendants. The Court cannot relieve plaintiffs from its judgment on the basis of speculation, for Rule 60(b) clearly establishes the grounds for such action by the Court. Plaintiffs have failed to demonstrate that a permissible

ground is present here, and accordingly, the Court DENIES plaintiffs' motion for reconsideration.[7]

## B. Sanctions

Defendants argue that plaintiffs should be sanctioned under Rule 11 for filing repetitive motions intended to harass defendants. But, defendants did not comply with the mandates of Rule 11(c)(2) in requesting sanctions. Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

Fed. R. Civ. P. 11(c)(2). Defendants did not file a separate motion for sanctions that was served on plaintiffs. Therefore, because defendants did not comply with the strict notice requirements of Rule 11, the Court denies defendants' request for sanctions. *See, e.g., Richardson v. U.S. Bank Nat. Assoc.*, No. 09-7383, 2010 WL 4553673, at *1 (E.D. La. Oct. 29, 2010).

---

[7] To the extent that plaintiffs also seek to alter or amend the Court's order denying their first motion to alter or amend, the Court denies such a motion. Motions to alter or amend a judgment must clearly establish a manifest error of law or fact or present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). As discussed above, plaintiffs discuss only the possibility of new evidence rather than any actual evidence impacting the Court's judgment, and they have failed to establish a manifest error of law or fact.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion for reconsideration and DENIES defendants' request for sanctions.

New Orleans, Louisiana, this 17th day of June, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE