UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRIE BURAS MANTON | CIVIL ACTION |
| VERSUS | NO. 11-785 |
| RODNEY STRAIN, JR., ET AL. | SECTION "R"(3) |

REPORT AND RECOMMENDATION

On January 15, 2013, the District Judge referred Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] to the undersigned Magistrate Judge. [Doc. #52]. The motion is opposed. For the following reasons, IT IS RECOMMENDED that Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] be GRANTED IN PART as outlined below.

I.  BACKGROUND

Plaintiff Sherrie Buras Manton, along with the Independent Firearm Owners Association ("IFOA"), filed suit on April 10, 2011. Manton contends that employees of the St. Tammany Parish Sheriff's Office violated her right to keep and bear arms, her right to due process and equal protection, and her right to be free from unreasonable searches and seizures in violation of the United States and Louisiana Constitutions. Plaintiffs sued Sheriff Rodney "Jack" Strain, Deputy Chief Al Strain, Chief Deputy Fred Oswald, Sergeant Brian O'Cull, Deputy Jerry Rogers, Deputy Jerry Coyne, Deputy Allen McGuire, Deputy Randy Thibodeaux, Deputy Allen Schulkens, Deputy

1

Assistant Chief Tim Lintz, and Deputy "Does," all employees of the St. Tammany Parish Sheriff's Office, as well as Charles Hughes, Jr., lead counsel for Sheriff Strain and the Sheriff's Office. Plaintiffs allege that defendants executed a search of Manton's home on January 24, 2008 and seized a shotgun belonging to her son and a number of religious items, including a bible, missal, rosary, prayer box, journals, and medals, that have not been returned. Defendants deny that any religious items were taken. They admit that the shotgun was confiscated but claim that it was legally seized and held.

The facts underlying the search of Manton's house are complex and have been described at length by the District Court in another case brought by Manton and her husband against the St. Tammany Parish Sheriff's Office and its deputies. *See Manton v. Strain*, Civ. A. No. 09-0339, 2010 WL 4364552 (E.D. La. Oct. 21, 2010) ("*Manton I*"). In short, members of the Jefferson Parish Sheriff's Office suspected Norman Manton, plaintiff's husband, of fraud and informed Mr. Manton's parole officer, Jessica Hutchinson-Blue. *Manton*, 2010 WL 4364552, at *2. The Jefferson Parish Sheriff's Office also contacted Sergeant Brian O'Cull, which led him to request an arrest warrant for Mr. Manton and a search warrant for his house. *Id.* The warrants were issued on January 23, 2008 by Judge Peter Garcia of the 22nd Judicial District Court of Louisiana in St. Tammany Parish. *Id.*

On January 24, 2008, St. Tammany Parish Sheriff deputies executed the search warrant for the Manton home. *Id.* at *3. After the search revealed a shotgun at the residence, Sergeant O'Cull notified Hutchinson-Blue that a firearm had been found. *Id.* Hutchinson-Blue told Sergeant O'Cull that the presence of the shotgun violated Mr. Manton's probation conditions. *Id.* On January 25, 2008, Mr. Manton was taken into custody, where he remained for four months, until the State of

Louisiana *nolle prossed* the charge, and Manton was released. *Id.*

The Mantons filed suit in this Court on January 26, 2009, alleging violations of 42 U.S.C. §§ 1983 and 1986 and state law by many of the same individuals who are defendants here. *Id.* at *1. The Mantons' federal claims included unreasonable search and seizure, wrongful arrest, cruel and unusual punishment, and conspiracy to violate constitutional rights. *Id.* The District Court granted defendants' motion for summary judgment, holding that plaintiffs provided insufficient evidence to support their federal claims. *Id.* at *6-11.

In this lawsuit, defendants sought summary judgment on all of plaintiffs' claims, primarily on the ground that they are barred under the doctrine of res judicata. Plaintiff IFOA also seeks the enforcement of an existing injunction against Sheriff Strain. In the lawsuit *National Rifle Association of America, Inc. v. Nagin*, a court in the Eastern District of Louisiana issued a consent decree, permanently enjoining Sheriff Strain and his employees from confiscating lawfully-possessed firearms. No. 05-4234, 2006 U.S. Dist. LEXIS 275 (E.D. La. 2006) (addressing seizure of firearms from citizens during Hurricane Katrina). Plaintiffs ask the Court to enforce the standing order against Sheriff Strain and to return to Manton the firearm removed from her house, as well as other religious items allegedly confiscated by members of the Sheriff's Office.

On December 20, 2012, the District Court granted defendants' motion for summary judgment and dismissed Manton's individual claims under the doctrine of res judicata. *Manton v. Strain*, Civ. A. No. 11-785, 2012 WL 6673073, *5 (E.D. La. Dec. 20, 20132) ("*Manton II*"). With regard to the claims of the IFOA as to the injunction, the District Court held that summary judgment was proper because no genuine issue of material fact existed. *Id.* at *6. The District Court further declined to exercise supplemental jurisdiction over plaintiffs' state-law claims after it had dismissed the federal

claims and thus dismissed the state-law claims without prejudice. *Id.*

Defendants now seek, under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, to recoup $15,544.50 in attorneys' fees expended in defending against plaintiffs' claims.

## II. Law and Analysis

### A. Section 1988

Section 1988 of Title 42 of the United States Code "allows the district court, in its discretion, to award a prevailing party reasonable attorney's fees." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). The statute provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988. "While plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys' fees unless special circumstances would render an award unjust, prevailing defendants are entitled to attorney fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Mississippi*, 921 F.2d at 609. A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999). Attorney's fees for prevailing defendants are thus presumptively unavailable unless a showing is made that the underlying civil rights suit was "vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001).

The mere dismissal of a plaintiff's case does not establish that the claim itself was unreasonable, frivolous, or groundless, and the burden of showing these underlying factors remains

4

on the defendant. *Id.* at 512. When determining whether a plaintiff's civil rights action is frivolous, the court may consider the following factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). The dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. *See id.* at 293. Rather than relying on the outcome of a case, the court must inquire "'whether the case was so lacking in merit that it was groundless.'" *Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 617 (E.D. La. 1998) (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). If a plaintiff presents some credible evidence in support of the claim, then the case has merit, and an award under Section 1988 is inappropriate. *See id.*; *see also Brown v. Borough of Chambersburg*, 903 F.2d 274, 276-77 & n. 1 (3d Cir. 1990) (noting that the standards for assessing attorney's fees are identical under Section 1988 and 42 U.S.C. § 2000e-5(k)). Courts disfavor awarding fees to prevailing defendants because an average plaintiff in such actions only knows of his or her belief that the discrimination occurred and of the filing of the claim, and generally defers to counsel's advice. *Davis v. Braniff Airways, Inc.*, 468 F. Supp. 10, 13-14 (N.D. Tex. 1977).

    **B.**    **Section 1927**

    Title 28, United States Code, Section 1927 provides, in its entirety:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, *and attorneys' fees reasonably incurred because of such conduct*.

28 U.S.C. § 1927 (emphasis added). "Underlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous appeals and arguments waste scarce judicial resources and increase legal

fees charged to the parties." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). The Supreme Court has observed that "§ 1927 does not distinguish between winners and losers or between plaintiffs and defendants." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980). The statute is designed to curb litigation abuses by counsel, irrespective of the merits of the client's claims or defenses.

Nevertheless, courts should remain mindful that sanctions under 28 U.S.C. § 1927 are "punitive in nature" and should only be awarded if a party "multiplies the proceedings . . . unreasonably and vexatiously." *Bryant v. Military Dept. of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010) (citing *Religious Tech. Ctr. v. Liebreich*, 98 Fed. Appx. 979, 983 (5th Cir. 2004); *see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994)) (noting that Section 1927 must be strictly construed so as "not to dampen the legitimate zeal of an attorney in representing his client"). This standard, which "focuses on the conduct of the litigation and not on the merits," requires "clear and convincing evidence 'that *every facet* of the litigation was patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Id.* (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir. 2002)) (emphasis in original).

### C.     Entitlement to Attorneys' Fees

This Court has visited this precise issue before with regard to the majority of the parties here. *Manton v. Strain*, Civ. A. No. 09-339, 2011 WL 1000964 (E.D. La. Feb. 28, 2011). In *Manton I*, this Court, while finding it a close call, denied attorneys' fees. *See id.* at \*7. Distinguishing the case law on which defendants' relied there, the Court found that plaintiffs' had submitted adequate evidence to support their claims in opposition to defendants' motion for summary judgment such that the Court could not find that plaintiffs' claims were so lacking in arguable merit as to be groundless

6

or without foundation. *Id.* at \*8. The Court also found no evidence of bad faith, improper motive, reckless disregard of the duty owed to the Court or unreasonable or vexatious multiplication of the proceedings that would have warranted sanctions under Section 1927. *Id.*

The Court finds that a different result is warranted under the circumstances of this lawsuit. As noted above, when determining whether a plaintiff's civil rights action is frivolous, the Court may consider the following factors: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. *Myers*, 211 F.3d at 292. Here, plaintiffs failed to establish a prima facie case on any of their claims. As defendants note, this is amply demonstrated by the paucity of plaintiffs' opposition to defendants' motion for summary judgment. Plaintiffs filed a nine-page opposition to which they attached no supporting evidence and in which they only referred to plaintiff Manton's self-serving affidavit attached to her original complaint. In addition, defendant never offered to settle with plaintiffs. And lastly, the District Court dismissed all of plaintiffs' claims on defendants' motion for summary judgment, and no claim proceeded to trial. Accordingly, the *Myers* factors weigh in favor of an award of attorneys' fees to defendants.

Moreover, the Court finds that plaintiffs and their counsel have multiplied the proceedings unreasonably and vexatiously so as to warrant sanctions under Section 1927. As noted above, there is no evidentiary support for plaintiffs' claims here. With regard to Manton's claims, the fact that the District Court dismissed them on the ground of res judicata speaks volumes. Manton either did or should have brought the claims here in the earlier lawsuit. That is the point of res judicata: To prevent matters already litigated from being re-litigated and to avoid piecemeal litigation. "The federal courts can ill afford the time required to dispose of such frivolous suits, and parties naturally

7

have a right to be free from vexatious litigation over matters that have been conclusively settled in prior litigation." *Lee v. Criterion Ins. Co.*, 659 F. Supp. 813, 821 (S.D. Ga. 1987). And the IFOA wholly failed to submit evidence to demonstrate to the District Court that a genuine issue of material fact existed as to whether the Sheriff's Office violated the injunction. *Manton II*, 2012 WL 6673073, *6. Accordingly, the Court finds that an award of attorneys' fees is warranted here under both Sections 1988 and 1927.

Plaintiffs ask this Court to defer ruling on this motion – and have asked the District Court to alter or amend its judgment or to re-open this lawsuit for a second time – on the allegations that the federal government is investigating the death and/or disappearance of Albert Bloch and the alleged involvement of Jefferson Parish Deputy Mark Hebert (who is not even a defendant here). Having reviewed the indictment filed by the federal government against Hebert, this Court can not fathom how any of the underlying facts involving the death and/or disappearance of Bloch would be reasonably calculated to lead to the discovery of evidence admissible to support plaintiffs' claims here. The underlying facts of the Bloch case were not the reason that the District Court dismissed the claims here.

The remainder of plaintiffs' opposition argues the merits of Manton's claims, already rejected by the District Court. Accordingly, this Court rejects such arguments as well.

Notwithstanding the findings in this report and recommendation, the Court finds that it can not award a specific amount of fees to defendants at this time because defendants have failed to attach the appropriate supporting documentation to their motion. While defendants attach a "certification" by the Billing Coordinator and a total amount of hours and fees expended, this Court requires a certification/affidavit from the billing attorneys and an itemized list of hours that includes

8

the tasks on which each attorney worked. Accordingly, defendants shall submit such documentation **no later than fourteen (14) days from the date of this Report and Recommendation**, at which time the Court will review the itemized time sheets and supplement this Report and Recommendation. Plaintiffs shall have **fourteen (14) days from the date of defendants' submission** to re-urge any argument regarding quantum, should circumstances so warrant.

## RECOMMENDATION

Accordingly, and for all of the above and foregoing reasons,

**IT IS RECOMMENDED** that Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] be GRANTED IN PART as outlined above.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of June, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**