# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERRIE BURAS MANTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-785** |
| **RODNEY STRAIN, JR., ET AL.** | **SECTION "R"(3)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On January 15, 2013, the District Judge referred Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] to the undersigned Magistrate Judge. [Doc. #52]. The motion was opposed. On June 18, 2013, this Court recommended that Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] be GRANTED IN PART and ordered the parties to file supplemental pleadings regarding the amount of attorneys' fees and costs. The parties have done so. Having reviewed the supplemental pleadings, the Court rules as follows.

**I.     BACKGROUND**

Plaintiff Sherrie Buras Manton, along with the Independent Firearm Owners Association ("IFOA"), filed suit on April 10, 2011. Manton contends that employees of the St. Tammany Parish Sheriff's Office violated her right to keep and bear arms, her right to due process and equal protection, and her right to be free from unreasonable searches and seizures in violation of the United States and Louisiana Constitutions. Plaintiffs sued Sheriff Rodney "Jack" Strain, Deputy

1

Chief Al Strain, Chief Deputy Fred Oswald, Sergeant Brian O'Cull, Deputy Jerry Rogers, Deputy Jerry Coyne, Deputy Allen McGuire, Deputy Randy Thibodeaux, Deputy Allen Schulkens, Deputy Assistant Chief Tim Lintz, and Deputy "Does," all employees of the St. Tammany Parish Sheriff's Office, as well as Charles Hughes, Jr., lead counsel for Sheriff Strain and the Sheriff's Office. Plaintiffs allege that defendants executed a search of Manton's home on January 24, 2008 and seized a shotgun belonging to her son and a number of religious items, including a bible, missal, rosary, prayer box, journals, and medals, that have not been returned. Defendants deny that any religious items were taken. They admit that the shotgun was confiscated but claim that it was legally seized and held.

The facts underlying the search of Manton's house are complex and have been described at length by the District Court in another case brought by Manton and her husband against the St. Tammany Parish Sheriff's Office and its deputies. *See Manton v. Strain*, Civ. A. No. 09-0339, 2010 WL 4364552 (E.D. La. Oct. 21, 2010) ("*Manton I*"). In short, members of the Jefferson Parish Sheriff's Office suspected Norman Manton, plaintiff's husband, of fraud and informed Mr. Manton's parole officer, Jessica Hutchinson-Blue. *Manton*, 2010 WL 4364552, at *2. The Jefferson Parish Sheriff's Office also contacted Sergeant Brian O'Cull, which led him to request an arrest warrant for Mr. Manton and a search warrant for his house. *Id.* The warrants were issued on January 23, 2008 by Judge Peter Garcia of the 22nd Judicial District Court of Louisiana in St. Tammany Parish. *Id.*

On January 24, 2008, St. Tammany Parish Sheriff deputies executed the search warrant for the Manton home. *Id.* at *3. After the search revealed a shotgun at the residence, Sergeant O'Cull notified Hutchinson-Blue that a firearm had been found. *Id.* Hutchinson-Blue told Sergeant O'Cull

that the presence of the shotgun violated Mr. Manton's probation conditions. *Id.* On January 25, 2008, Mr. Manton was taken into custody, where he remained for four months, until the State of Louisiana *nolle prossed* the charge, and Manton was released. *Id.*

The Mantons filed suit in this Court on January 26, 2009, alleging violations of 42 U.S.C. §§ 1983 and 1986 and state law by many of the same individuals who are defendants here. *Id.* at *1. The Mantons' federal claims included unreasonable search and seizure, wrongful arrest, cruel and unusual punishment, and conspiracy to violate constitutional rights. *Id.* The District Court granted defendants' motion for summary judgment, holding that plaintiffs provided insufficient evidence to support their federal claims. *Id.* at *6-11.

In this lawsuit, defendants sought summary judgment on all of plaintiffs' claims, primarily on the ground that they are barred under the doctrine of res judicata. Plaintiff IFOA also seeks the enforcement of an existing injunction against Sheriff Strain. In the lawsuit *National Rifle Association of America, Inc. v. Nagin*, a court in the Eastern District of Louisiana issued a consent decree, permanently enjoining Sheriff Strain and his employees from confiscating lawfully-possessed firearms. No. 05-4234, 2006 U.S. Dist. LEXIS 275 (E.D. La. 2006) (addressing seizure of firearms from citizens during Hurricane Katrina). Plaintiffs ask the Court to enforce the standing order against Sheriff Strain and to return to Manton the firearm removed from her house, as well as other religious items allegedly confiscated by members of the Sheriff's Office.

On December 20, 2012, the District Court granted defendants' motion for summary judgment and dismissed Manton's individual claims under the doctrine of res judicata. *Manton v. Strain*, Civ. A. No. 11-785, 2012 WL 6673073, *5 (E.D. La. Dec. 20, 20132) ("*Manton II*"). With regard to the claims of the IFOA as to the injunction, the District Court held that summary judgment was proper

3

because no genuine issue of material fact existed. *Id.* at *6. The District Court further declined to exercise supplemental jurisdiction over plaintiffs' state-law claims after it had dismissed the federal claims and thus dismissed the state-law claims without prejudice. *Id.*

Defendants now seek, under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, to recoup $22,382.00 in attorneys' fees expended in defending against plaintiffs' claims.

**II.    Law and Analysis**

As noted above, this Court has already recommended that defendants be awarded attorneys' fees and costs. This supplemental report and recommendation thus addresses only the amount of such fees and costs.

    **A.    THE LODESTAR APPROACH**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern

is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Turning to the time records compiled and submitted by defendants' counsel, this Court has been given no reason to doubt that the hourly rates of $125.00/hour for the attorneys and $60.00/hour for a paralegal are reasonable given counsel's ability, competence, experience, and skill. Charles Hughes and Gary Hanes are attorneys with 29 years of experience who have represented defendants since 1995. Ryan G. Davis is an attorney with nine years of experience. This Court has recently sanctioned much higher hourly rates for attorneys with similar years of experience. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience and $200/hour for partner with 11 years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL

4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience and $200/hour for partner with 12 years experience).

Considering the prevailing market rates in the Greater New Orleans area and that plaintiffs wholly failed to contest the hourly rates here, the Court finds that the aforesaid hourly rates are within the low end of the range of the market rate in this area and that said rates are reasonable.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that defense counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statements submitted on behalf of defendants' counsel and finds the hours expended by counsel to be reasonable. The billing statements reflect that defendants' counsel drafted an answer and affirmative defenses, drafted a successful motion to transfer, drafted a successful motion for summary judgment and a reply memorandum in support thereof, drafted an opposition to a motion to produce, drafted oppositions to a motion to amend or correct the judgment and to reopen the lawsuit, and reviewed plaintiffs' multiple filings and this

Court's orders. Moreover, the statements reflect that the attorneys drafted the motion for attorney's fees, the memorandum in support thereof, and the respective reply memorandum. The Court's review of the billing statement satisfies it that defense counsel exercised billing judgment. Accordingly, the Court finds that defense counsel are entitled to an attorney fee award of $22,382.00.

### 3. The *Johnson* Factors

Generally, the Court must next consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Here, however, defense counsel does not seek an upward adjustment. Neither does plaintiff seek a downward adjustment. Accordingly, the Court finds that no upward or downward adjustment is warranted.

### 4. Remaining Arguments

The majority of plaintiffs' opposition here challenges this Court's substantive

recommendation that defendants' motion be granted. This Court has already rejected these arguments and will not dwell on them here.

In addition, plaintiffs challenge several time entries that address the drafting and review of a voluntary motion to dismiss (and its accompanying order) defendants Longino and Core. But the Court can find no record that a Longino or a Core was a party to this case. Longino and Core were parties to a companion case (Civ. A. No. 09-339, E.D. La.), but the billing entries submitted by defense counsel relate only to this lawsuit, Civ. A. No. 11-785, and began on April 19, 2011, nine days after the filing of the complaint here. This argument is thus without merit.

Lastly, plaintiffs contend that defense counsel fails to provide the dates, times, work performed and how such work was required, *i.e.*, that defense counsel failed to exercise billing judgment. But that is far from the case here. Defense counsel submits the explicit dates, times and hours spent and describes the tasks with particularity, and from what the Court can glean, with no redactions. This argument is similarly meritless (and, it appears, lifted from plaintiffs' opposition to defense counsel's motion for taxation of fees and costs in the earlier lawsuit (Civ. A. No. 09-339, E.D. La., Doc. #160)).

## RECOMMENDATION

Accordingly, and for all of the above and foregoing reasons,

**IT IS RECOMMENDED** that Defendants' Motion to Tax Costs and Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of Federal Rules of Civil Procedure and 28 U.S.C. § 1927 [Doc. #51] be further GRANTED and defendants' be awarded attorneys' fees in the amount of $22,382.00.[1]

## NOTICE OF RIGHT TO OBJECT

---

[1] Defendants did not seek costs.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of August, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**