UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRIE BURAS MANTON and INDEPENDENT FIREARM OWNERS ASSOCIATION, INC.<br><br>VERSUS<br><br>SHERIFF RODNEY "JACK" STRAIN, JR., ET AL. | CIVIL ACTION NO.: 11-0785<br><br>SECTION: "C"<br><br>MAGISTRATE: 04<br><br>JURY DEMAND |

## MOTION FOR CONTEMPT AND
## TO EXAMINE JUDGMENT DEBTORS

NOW INTO COURT, through undersigned counsel, come Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, the St. Tammany Parish Sheriff's Office, Al Strain, Fred Oswald, Brian O'Cull, Allen Schulkens, Randy Thibodeaux, Jerry Coyne, Jerry Rogers, Allen McGuire, and Charles M. Hughes, Jr., Esq., defendants and judgment creditors herein, who respectfully represent the following to this Honorable Court:

1.      Movers are judgment creditors of Daniel G. Abel, Esq., Richard J. Feldman, Esq., and Independent Firearm Owners Association, Inc. ("IFOA") as evidenced by judgment rendered by this Honorable Court in the instant matter on August 19, 2013 in the amount of $22,382.00, with judicial interest, as appears from the record herein (Rec. doc. 76), of which the Court can take judicial notice.

2.      Said judgment is now final and definitive, and it has been neither paid nor otherwise satisfied by Mr. Abel, Mr. Feldman, IFOA, or the remaining co-debtor.

3. In fact, the utter silence of Mr. Abel, Mr. Feldman, and IFOA in response to the Court's judgment has been deafening. None of them have made any effort whatsoever to comply with the judgment.

4. As this Court is likely already aware, federal courts have the inherent power to punish for contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1908); *Hornbeck Offshore Services, L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013).

5. "A party commits contempt when he violates a definite and specific order of the court requiring him to perform . . . a particular act or acts with knowledge of the court's order." *Hornbeck Offshore*, *supra* (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 5th Cir. 1995).

6. In this matter, the failure of Mr. Abel and Mr. Feldman to make any efforts whatsoever to satisfy the sanction award against them certainly constitutes the violation of an order "requiring [them] to perform a particular act." This is particularly true in light of the fact that, as attorneys, they are officers of the Court. In addition, both Mr. Abel and Mr. Feldman just as certainly had adequate notice of the order by way of the Court's electronic filing service.

7. Likewise, IFOA's failure to satisfy the sanction award constitutes a violation of that same order, an order of which it also had adequate notice.

8. Thus, movers request the Court to exercise its supplemental jurisdiction and to compel the physical presence of Mr. Abel and Mr. Feldman, as well as a representative of IFOA, and, after a hearing, find Mr. Abel, Mr. Feldman, and IFOA in active and flagrant

contempt of this Honorable Court and to award to movers such additional sanctions as the Court finds appropriate.

9. Movers also desire to examine the said Mr. Abel, Mr. Feldman, and IFOA, judgment debtors herein, upon all matters pertaining to his estate and property to the full extent allowed by law, pursuant to the provisions of Rule 69(a)(2) of the Federal Rule of Civil Procedure and applicable Louisiana state law. *See also Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419, 424 (5th Cir. 2013); *FDIC v. LeGrand,* 43 F.3d 163, 165 (5th Cir.1995); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980), *reh'g granted on other grounds*, 636 F.2d 942 (5th Cir. 1981); *Cooper v. Faith Shipping*, 2010 WL 1729127 (E.D.La. 2010)(Vance, J.).

10. Movers also desire that the judgment debtors named above produce in Court at the time of said examination certain books, papers, and other documents which are in their possession or can be obtained by them and which are material in this cause as follows, and they desire as well to examine the judgment debtors in relation to, in connection with, and in conjunction with the said books and documents pertaining to their estate and property, to-wit:

> (a) Monthly statements; passbooks; certificates of deposit; cancelled checks; deposit and withdrawal receipts for any account at any bank, brokerage firm, homestead, or financial institution of any type which maintains an account in the name of the judgment debtor, individually or jointly with any other person, including but not limited to savings accounts, checking accounts, lines of credit, retirement accounts, mutual fund accounts, tax-deferred accounts, and stock portfolio accounts; or any such account upon which the judgment debtor's name does not appear but against which the judgment debtor is empowered to make withdrawals or sign checks.

(b) Federal and state income tax returns filed by or on behalf of the judgment debtor, or by or on behalf of any business venture or other entity owned in whole or in majority part by the judgment debtor, for the previous ten years.

(c) Check stubs, receipts, statements, invoices, correspondence, or other such written documentation evidencing income received by or on the behalf of the judgment debtor during the previous ten years, without limitation as to the source of said income.

(d) Acts of sale, deeds, titles, purchase agreements or other such written documentation evidencing any and all immovable property currently owned by the judgment debtor either in whole or in part, whether individually, through marital community, or business ventures, without limitation as to the physical location of said property.

(e) Acts of sale, titles, purchase agreements or other such written documentation evidencing any and all movable property currently owned by the judgment debtor either in whole or in part, whether individually, through marital community, or business ventures, without limitation as to the location of said property.

(f) Receipts, contracts, records, and other documents showing the ownership, sale, donation, mortgage, and other transfer of property owned by, purchased by, or sold by the judgment debtor within the previous ten years, including real estate, automobiles and other motor vehicles, furniture, and all other property owned by the judgment debtor either individually, through marital community, or business ventures, and not otherwise disclosed pursuant to these requests.

(g) Any financial statement prepared in the previous ten years by or on behalf of the judgment debtor, or by or on behalf of any business venture or other entity owned in whole or in majority part by the judgment debtor, including all such statement prepared for lending agencies, etc.

(h) Receipts for payments of amounts owed by the judgment debtor on accounts, mortgages, notes, or other indebtedness.

(i) Corporate charter, articles of incorporation, partnership agreements, initial report, annual reports, and other such documentation related to any business venture or other such entity owned in whole or in part by the judgment debtor.

(j) Community property partition documents, if applicable.

11. By the production of such books, papers, documents and income tax returns, mover intends to establish the following facts: That Daniel G. Abel, Esq., Richard J. Feldman, Esq., and Independent Firearm Owners Association, Inc. own or possess certain property, either in whole or in part, or are receiving or will receive certain income, out of which the judgment in this matter may be satisfied in part or in whole.

WHEREFORE, movers pray that the Court issue an order compelling Daniel G. Abel, Esq., Richard J. Feldman, Esq., and Independent Firearm Owners Association, Inc. to personally appear before it, at a time and place to be fixed by the Court, and show cause why they should not be held in contempt of this Honorable Court for their failure to satisfy the money judgment that is the subject of this motion. In addition, at that same time and place, they request the privilege of examining Daniel G. Abel, Esq., Richard J. Feldman, Esq., and Independent Firearm Owners Association, Inc., judgment debtors herein, at a time and place to be fixed by this Court.

Movers further pray that the Court command Daniel G. Abel, Esq., Richard J. Feldman, Esq., and Independent Firearm Owners Association, Inc., judgment debtors, to personally appear and to produce in open Court at that time books, papers, documents, and state and federal income tax returns as fully described and itemized in Paragraph 10 above.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: __/s/ Gary L. Hanes_____
    CHARLES M. HUGHES, JR. (#14382)
    GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendants/Movers Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, the St. Tammany Parish Sheriff's Office, Al Strain, Fred Oswald, Brian O'Cull, Allen Schulkens, Randy Thibodeaux, Jerry Coyne, Jerry Rogers, Allen McGuire, and Charles M. Hughes, Jr., Esq.

### CERTIFICATE OF SERVICE

    I hereby certify that on May 20, 2014, I electronically filed the foregoing Motion for Contempt and to Examine Judgment Debtors with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record (there being no unrepresented parties) by operation of the court's electronic filing system.

                                    ___/s/ Gary L. Hanes_____
                                           GARY L. HANES