UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRIE BURAS MANTON and<br>INDEPENDENT FIREARM OWNERS<br>ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO: 11-785 |
| RODNEY "JACK" STRAIN, JR., ET AL. | SECTION: R |

**ORDER AND REASONS**

Before the Court is plaintiffs' motion for relief from an order and to recuse the Court and to transfer this case to another district.[1] For the following reasons, the Court DENIES plaintiffs' motion.

**I. BACKGROUND**

Plaintiff Sherrie Buras Manton, along with the Independent Firearm Owners Association, filed suit against multiple defendants, contending that employees of the St. Tammany Parish Sheriff's Office violated her right to keep and bear arms, her right to due process and equal protection, and her right to be free from unreasonable searches and seizures, in violation of the United States and Louisiana Constitutions. Defendants filed a motion for summary judgment, and on December 27, 2012, the Court issued a

---

[1] R. Doc. 91.

1

judgment dismissing plaintiffs' claims.[2] Plaintiffs then filed a motion to alter or amend judgment, which the Court denied.[3] Plaintiffs moved *again* for the Court to alter or amend judgment and to reopen the case.[4] The Court denied this motion as well.[5]

After the Court dismissed all claims against defendants, defendants moved to Tax Attorneys' Fees and Costs, and the Court referred the motion to the Magistrate Judge. After reviewing the Magistrate Judge's Report and Recommendation ("R&R")[6] and Supplemental Report and Recommendation ("SR&R"),[7] the Court adopted the R&R and SR&R as its opinion and ordered plaintiffs Manton and IFOA and their counsel of record, Daniel G. Abel and Richard J. Feldman, jointly and severally liable to defendants in the amount of $22,382.00 in reasonable attorneys' fees.[8]

Plaintiffs now move once more for relief from the Court's order of dismissal, and also move the Court to vacate its order awarding attorneys' fees to defendants. In addition, plaintiffs request that this matter be transferred to another district.

---

[2] R. Doc. 50.

[3] R. Doc. 62.

[4] R. Doc. 63.

[5] R. Doc. 66.

[6] R. Doc. 67.

[7] R. Doc. 74.

[8] R. Doc. 76.

## II. STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of establishing at least one of these reasons is on the moving party, and the district court enjoys broad discretion in assessing whether any of these reasons are present in a given case. *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir. 1991).

Plaintiffs do not state which subsection of Rule 60 provides relief from judgment in this case. Although plaintiffs contend at one point that "newly discovered evidence" regarding a conflict of interest on the part of the Court merits relief, this reference to "newly discovered evidence" is not the type of merits evidence to which Rule 60(b)(2) refers. Thus, after reviewing the six bases for relief under Rule 60(b), the Court finds that Rule 60(b)(6) is the

3

most apposite. Under Rule 60(b)(6), a court may grant relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This relief is extraordinary, and the movant bears the burden of demonstrating the exceptional circumstances that warrant relief. *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citing *Klaprott v. United States*, 335 U.S. 601, 613-14, 69 S. Ct. 384, 390 (1949)); *Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993).

To determine whether Rule 60(b) relief is appropriate, a district court considers the following factors:

> (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962). The Court accordingly considers plaintiffs' arguments in the context of these factors.

## III. DISCUSSION

The Court finds that plaintiffs fail to demonstrate that relief from final judgment is appropriate. Plaintiffs argue that new evidence regarding a "conflict with the presiding judges" requires the Court to vacate its prior judgments and reopen this matter.[9] Specifically, plaintiffs argue that the Court's recusal in "another related St. Tammany Parish civil case" "call[s] into question the impartiality" of the Court in this case.[10] Plaintiffs provide no support for their contention that the two cases are related save for the observation that both cases involve St. Tammany Parish defendants. Plaintiffs thus fail to provide any support for their argument that the Court's recusal in a separate case establishes the "extraordinary circumstances" necessary to warrant vacating any of the Court's orders in this case. For the same reason, plaintiffs have also failed to establish grounds for a transfer of this closed matter to another jurisdiction.

In addition, plaintiffs summarily assert that the Court has "manifest[ly] err[ed]" in law and fact in its earlier order dismissing plaintiffs' claims and its orders denying reconsideration of the dismissal.[11] Plaintiffs do not, however,

---

[9] R. Doc. 91-1 at 10

[10] *Id.* at 2-3.

[11] *Id.* at 10.

5

provide any new evidence or argument that would establish a manifest error of law or fact.

Finally, although the relevance to this motion is unclear, plaintiffs also contend that the Court has "prevented [plaintiffs] from appealing any of these matters to the appellate courts" because the Court has not entered a "final judgment" in the entire matter.[12] On this point plaintiffs are mistaken. "A final decision is one that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *S. Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 300 (5th Cir. 2004) (quoting *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). "Under this definition, a dismissal is a final decision." *Id.* Thus, the Court's order dismissing plaintiffs' claims is plainly appealable. So too is the Court's order award of attorneys' fees to defendants. *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988) ("Denials and awards of attorney's fees may be appealed separately as final orders after a final determination of liability on the merits."). Accordingly, the Court has not prevented plaintiffs from appealing its final orders in this matter.

In sum, Rule 60(b) clearly establishes the grounds for relief from judgment by the Court. Plaintiffs have failed to demonstrate

---

[12] R. Doc. 91-1 at 2.

that a permissible ground is present here. Accordingly, the Court DENIES plaintiffs' motion for relief from judgment.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion is DENIED.

New Orleans, Louisiana, this 24th day of September, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE